IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LOU ELLEN MATSON,

      Plaintiff,

v.                                                                               No. 2:25-cv-763-GBW-KRS

CHEVRON U.S.A. INC.; and
CHEVRON MIDCONTINENT, L.P.,

      Defendants.

## JURISDICTIONAL SHOW CAUSE ORDER

THIS MATTER is before the Court *sua sponte* upon its review of the Notice of Removal filed by Defendants Chevron U.S.A. Inc. and Chevron Midcontinent, L.P. (Doc. 1). Plaintiff Lou Ellen Matson commenced this action on July 9, 2025 by filing a complaint in the Fifth Judicial District Court, County of Eddy, New Mexico. (Doc. 1-2). Defendants were served on July 10, 2025. (Doc. 1 ¶ 2), and removed the state court complaint to this Court on August 11, 2025. Defendants assert in the Notice of Removal ("NOR") that this Court has subject matter jurisdiction over the state court complaint based on diversity of citizenship, 28 U.S.C. § 1332(a). (Doc. 1 ¶ 4). Having considered the jurisdictional allegations in the NOR, the applicable law, and being otherwise fully advised in the premises, the Court concludes that the NOR fails to allege sufficient facts for the Court to plausibly infer that it has diversity jurisdiction over the matter. Accordingly, Defendants must show cause why the undersigned should not recommend that the case be remanded to state court.

## Legal Standard

"Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua*

*sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.,* 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006)). In a case removed from state court, the removing defendants, as the parties invoking federal court jurisdiction, bear the burden of pleading and ultimately proving the facts necessary for establishing the court's subject matter jurisdiction. *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC,* 887 F.3d 1003, 1013–14 (10th Cir. 2018); *see Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"). As part of that burden, the removing defendants must overcome the presumption that exists against removal jurisdiction in general. *See Anderson v. XTO Energy, Inc.*, 341 F. Supp. 3d 1272, 1275 (D.N.M. 2018).

Typically, the required showing to invoke diversity jurisdiction is satisfied by the removing defendant filing "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 87 (quoting 28 U.S.C. § 1446(a)). "At the point of the filing of the notice of removal, … the defendant need only state the facts upon which jurisdiction is based." *McEntire v. Kmart Corp.*, No. CIV 09-0567 JB/LAM, 2010 WL 553443, at *3 (D.N.M. Feb. 9, 2010). But the allegations supporting federal jurisdiction in a defendant's notice of removal must satisfy the plausibility standard of pleading, *Dart Cherokee Basin Operating Co., LLC,* 574 U.S. at 89, which means that the existence of federal subject matter jurisdiction must be established on the face of the petition or notice of removal through allegations of *non-conclusory* facts. *See, e.g., Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice."); *Penteco Corp. Ltd. P'ship--*

*1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) ("To determine whether a party has adequately presented facts sufficient to establish federal diversity jurisdiction, … courts must look to the face of the [notice of removal], ignoring mere conclusory allegations of jurisdiction.").

## Discussion

To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Dutcher*, 733 F.3d at 987. Complete diversity means that no plaintiff may be a citizen of the same state as any defendant. *Id.* "[F]or purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) (internal quotation marks and citations omitted).

### Amount in Controversy Requirement

The NOR alleges the following with respect to the amount in controversy:

> The Complaint is premised on allegations that Plaintiff owns a contractual interest in oil and gas production from the W/2 of Section 15, Township 23 South, Range 28 East, Eddy County, New Mexico. *See* Ex. 2-A at ¶ 15. As a result of Plaintiff's asserted oil and gas contractual interest, the Complaint further alleges that Plaintiff is entitled to participate in three oil and gas wells producing from the W/2 of Section 15 (the "Subject Wells"). *Id.,* at ¶ 22. With respect to the Subject Wells, Plaintiff contends that it is entitled to "[a]n award of damages for oil and gas production revenues attributable to [Plaintiff's] leasehold interest" since July 5, 2019. *Id.*, at pg. 10. Chevron reasonably believes that the sum of the potential amounts of the requested damages plausibly exceeds $75,000.

(Doc. 1 ¶ 12).

The statement that Chevron "reasonably believes" that the amount of the requested damages plausibly exceeds $75,000, without facts to support that belief, is conclusory. The facts

3

recited in the NOR from Plaintiff's complaint are the only additional information provided, and those facts fail to support Chevron's asserted reasonable belief, as they only indicate that Plaintiff believes she is entitled to oil and gas production revenues attributable to her leasehold interest in three oil and gas wells, without any information about the value of those revenues. Chevron must provide some calculation of the oil and gas production revenues at issue to plausibly support its asserted belief that the value of those revenues exceeds the jurisdictional minimum.

**Complete Diversity Requirement**

The NOR alleges that complete diversity of citizenship exists among the parties because (1) Plaintiff resides in Midland, Texas (Doc. 1 ¶ 6); Defendant Chevron U.S.A. Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in California (*id.* ¶ 7), and (3) Defendant Chevron Midcontinent, L.P. is a limited partnership, whose partners are citizens of Pennsylvania and California (*id.* ¶ 8). The NOR's allegations regarding the citizenship of Chevron U.S.A. Inc. are adequate. *See* 28 U.S.C. § 1332(c)(1) (corporations are considered citizens of both the state where they are incorporated and the state where their principal place of business is located). But the remaining allegations of citizenship are not.

*Plaintiff's citizenship.*  The citizenship of an individual for diversity-jurisdiction purposes is determined by a person's domicile, and a person's domicile is defined as the place in which the party has a residence in fact and an intent to remain indefinitely, as of the time of the filing of the lawsuit. *See Crawley v. Glaze*, 710 F.2d 776, 678 (10th Cir. 1983). Generally speaking, "an allegation that a party ... is a resident of a state is not equivalent to an allegation of citizenship and is insufficient to confer jurisdiction upon the District Court." *Siloam Springs Hotel, L.L.C.,*

4

781 F.3d at 1238.[1] The NOR alleges that Plaintiff is a resident of Texas, which is insufficient to plausibly allege Plaintiff's citizenship.

        ***Citizenship of Chevron Midcontinent, L.P.*** "Limited partnerships … are citizens of each and every state in which any partner is a citizen," *Suttman-Villars v. Argon Med. Devices, Inc.*, Civ. No. 20-0778 KG/JFR, 2021 WL 4086126, at *2 (D.N.M. Sept. 8, 2021), including both the general and limited partners, *Carden v. Arkoma Assocs.*, 494 U.S. 185, 192 (1990) ("We have never held that an artificial entity, suing or being sued in its own name, can invoke the diversity jurisdiction of the federal courts based on the citizenship of some but not all of its members."). The allegation that Defendant Chevron Midcontinent, L.P.'s partners are citizens of Pennsylvania and California (*id.* ¶ 8), is insufficient because it is conclusory. Defendants must identify all of the general and limited partners of Chevron Midcontinent, L.P., and state the facts on which the assertion that they are citizens of Pennsylvania and California are based. *See, e.g., White v. Diversicare of Hutchinson, LLC*, No. 24-2373-KHV-RES, 2024 WL 4637499, at *2 (D. Kan. Aug. 28, 2024) (jurisdictional allegations held insufficient where the plaintiff alleged that "[e]ach member, each defendant, and each limited partner of the limited partner defendant are citizens of the Tennessee and Delaware," but "[t]he factual allegations underlying this conclusory assertion" were omitted); *see also* FED. R. CIV. P. 7.1(a)(2) (A) (stating that the corporate disclosure statement in an action in which jurisdiction is based on diversity of citizenship "must *name*—and identify

---

[1] *See also Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("[T]he allegations in Travaglio's complaint about her citizenship are fatally defective. Residence alone is not enough."); *Simon v. Taylor*, 455 Fed. Appx. 444, 446 (5th Cir. 2011) (per curiam) ("[A]n allegation that the parties are 'residents' of particular states is insufficient to provide the court with diversity jurisdiction."); *Kantrow v. Celebrity Cruises Inc.*, 533 F. Supp. 3d 1203, 1215 (S.D. Fla. 2021) ("Because Plaintiffs alleged their state of residency and not their state of citizenship, they have failed to properly plead their citizenship for purposes of diversity jurisdiction." (citing additional cases)).

the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor" (emphasis added)).

Chevron Midcontinent, L.P.'s corporate disclosure statement also fails to provide sufficient facts to support its conclusory assertion of citizenship. The disclosure statement includes the confusing statement that Chevron Midcontinent, L.P. "is a limited partnership to whom the citizenship of Chevron U.S.A. Inc. is attributable." (Doc. 4). It would be clearer to say that Chevron U.S.A. is one of the general or limited partners of Chevron Midcontinent, L.P., if that was the intent. Beyond that, the corporate disclosure statement asserts that "[t]here are no other individuals or entities whose citizenship is attributable to Chevron U.S.A. Inc." (*id.*), but notably *fails to make a similar representation as to Chevron Midcontinent, L.P*. It cannot make a similar representation as to Chevron Midcontinent, L.P. because Chevron U.S.A. Inc. cannot be the *only* partner, general or limited, of Chevron Midcontinent, L.P. A partnership by definition consists of two or more persons or entities. *See DCP Operating Co., LP v. Travelers Indem. Co.,* No. 2:24-CV-628 SMD/KRS, 2025 WL 404906, at *4 & n.7 (D.N.M. Feb. 5, 2025) (a partnership, "by definition, consists of more than one person or entity." (citing BLACK'S LAW DICTIONARY (12th ed. 2024)); *see also Westergren v. Houston Pilots Ass'n,* 566 S.W.3d 7, 15 (Tex. App. 2018) ("Under Texas law, an association of two or more persons to carry on a business for profit as owners creates a partnership'" (internal quotation marks omitted; citing Tex. Bus. Orgs. Code Ann. § 152.051(b) (West 2012)[2]); *Talon Mgmt. Servs., LLC v. Goliath Asset Mgmt., LLC,* No. 2:19-CV-205-Z-BR, 2020 WL 7401287, at *4 n.14 (N.D. Tex. Oct. 1, 2020) ("The Uniform Partnership Act (UPA) defines a 'partnership' as an association of two or more persons to carry on as co-owners a business

---

[2] The complaint alleges upon information and belief that Chevron Midcontinent, L.P. is a Texas limited partnership. *See* (Doc. 1-2 ¶ 3).

6

for profit." (citation omitted)), *report and recommendation adopted,* No. 2:19-CV-205-Z, 2020 WL 6689734 (N.D. Tex. Nov. 13, 2020). The corporate disclosure statement also asserts that "Chevron Corporation is the ultimate parent of Chevron Midcontinent, L.P.," but again the reference to an entity being "the ultimate parent" does not specify all of the persons or entities who comprise the general and limited partners of Chevron Midcontinent, L.P., which is required for identifying the citizenship of that entity. Chevron Midcontinent, L.P.'s corporate disclosure statement and the NOR must identify *all* of Chevron Midcontinent, L.P.'s general and limited partners and the facts associated with those members establishing their citizenship.

**IT IS THEREFORE ORDERED** that, on or before **September 26, 2025**, Defendants must show cause why the undersigned should not recommend that the presiding trial judge remand this action to state court. *See* 28 U.S.C. § 1447(c) ("…. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Defendants may show cause by filing an Amended Notice of Removal properly alleging all of the elements for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure. *See Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299, 300-02 (10th Cir. 1968) (holding that a notice of removal that fails to specify the necessary facts to establish diversity jurisdiction is defective, but permitting amendment of notice of removal to cure technical defects in the jurisdictional allegations); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

IT IS SO ORDERED this 15th day of September, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE